IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>       v.<br><br>JORDANISH TORRES-GARCIA,<br><br>Defendant. | CRIMINAL NO.   15-667 (GAG) |

**REPORT AND RECOMMENDATION**

Defendant Jordanish Torres-García was charged in Count One of the Indictment and he agreed to plead guilty to the only Count of the Indictment.  Count One charges that, on or about October 22, 2015, in the District of Puerto Rico, and within the jurisdiction of this Court, the defendant herein, having been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess in and affecting interstate and foreign commerce firearms and ammunition, to wit:   one model 21, .45 caliber Glock pistol bearing serial number VSC176; one model P2000, .40 caliber H&K pistol, bearing serial number 123-084825; one .223 caliber Rock River Arms rifle bearing serial number CM169502; and one hundred eighteen (118) rounds of ammunition, said firearm and ammunition having been shipped and transported in interstate or foreign commerce.   All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

On May 23, 2016, defendant appeared before this Magistrate Judge, since the Rule 11 hearing was referred by the Court.  Defendant was provided with a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

<u>United States of America v. Jordanish Torres-García</u>
Criminal No. 15-667 (GAG)
Report and Recommendation
Page 2

    Defendant indicated and confirmed his intention to plead guilty to Count One of the Indictment, upon being advised of his right to have said proceedings before a district judge of this court.[1]  Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

    Having further advised defendant of the charges contained in above-stated Count One, he was examined and verified as being correct that: he had consulted with his counsel Antonio L. Bisbal-Bultron, prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charges therein, his constitutional rights and the consequences of the waiver of same.

    Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict.   He was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing

---

[1] The form entitled Consent to Proceed before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

his guilt beyond a reasonable doubt. Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically apprised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offenses as to which he was pleading guilty. The penalty for the offense charged in Count One is a term of imprisonment not to exceed ten (10) years, pursuant to 18 U.S.C. § 924(a)(2); a fine not to exceed two hundred and fifty thousand dollars ($250,000.00), pursuant to 18 U.S.C. § 3571(b)(3); a term of supervised release of no more than three (3)

years, pursuant to 18 U.S.C. § 3583(b)(2); and a Special Monetary Assessment of one hundred dollars ($100.00), pursuant to 18 U.S.C. § 3013(a)(2)(A).

Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document entitled "Plea and Forfeiture Agreement (Pursuant to Fed. R. Crim. P. 11(c)(1)(C))" ("the Agreement") and the "Plea Agreement Supplement"[2] were shown to defendant, verifying his signature and initials on each and every page.

Pursuant to paragraph number Six of the Agreement, the undersigned apprised defendant of the Rule 11(c)(1)(C) Warnings.  To this effect, defendant Jordanish Torres-García, understands that acceptance of this plea agreement is within the sound discretion of the sentencing judge and of the advisory nature of the Guidelines, including the Guidelines Policy Statements, Application, and Background Notes.  Further, the defendant understands and acknowledges that the Court is not a party to this Plea and Forfeiture Agreement and thus, is not bound by this agreement, its sentencing calculations, or recommendations.  The defendant is aware that the Court may accept or reject the Plea and Forfeiture Agreement, or may defer its decision whether to accept or reject the Plea and Forfeiture Agreement until it has considered the pre-sentence investigation report.  See Fed.R.Crim.P. 11(c)(3)(A).  If the court accepts the plea agreement, it will inform the defendant that the plea agreement is of the type specified by Rule 11(c)(1)(C) and the agreed disposition in the judgment.  See Fed.R.Crim.P. 11(c)(4).

---

[2] Defendant acknowledged discussing the "Plea Agreement Supplement" with his counsel and stated he understood the terms and consequences of the same.  Defense counsel recognized he explained to defendant the content of the "Plea Agreement Supplement" and explained to defendant its consequences.

If the court rejects the plea agreement, the defendant will be informed, personally advised that the court is not required to follow the plea agreement, given an opportunity to withdraw the plea, and advised that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated. See Fed.R.Crim.P. 11(c)(5)(A)-(C).   Further, should the Court reject the sentencing recommendation set forth in this agreement, the United States reserves the right to withdraw from its obligations under the same.

The above-captioned parties' estimate and agreement that appears on pages four (4) and five (5), paragraph seven (7) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. Pursuant to U.S.S.G. § 2K2.1(a)(4), the Base Offense Level is of Twenty (20).   Pursuant to U.S.S.G. § 2K2.1(b)(1)(A), an increase of two (2) levels is agreed for offense involved three firearms. Pursuant to U.S.S.G. § 2K2.1(b)(4)(A), an increase of two (2) levels is agreed for offense involved stolen firearms.   Pursuant to U.S.S.G. § 3E1.1(a)-(b), a decrease of three (3) levels is agreed for acceptance of responsibility.   Therefore, the Total Offense Level is of Twenty-One (21), yielding an imprisonment range of thirty-seven (37) to forty-six (46) months assuming a Criminal History Category of I; forty-one (41) to fifty-one (51) months assuming a Criminal History Category of II; forty-six (46) to fifty-seven (57) months assuming a Criminal History Category of III; fifty-seven (57) to seventy-one (71) months assuming a Criminal History Category of IV; seventy (70) to eighty-seven (87) months assuming a Criminal History Category of V; and seventy-seven (77) to ninety-six (96) months assuming a Criminal History Category of VI.

United States of America v. Jordanish Torres-García
Criminal No. 15-667 (GAG)
Report and Recommendation
Page 6

The parties agree to jointly recommend a sentence at the lower end of the guideline range applicable to a total adjusted offense level of 21 when combined with the criminal history category determined by the Court. The Defendant agrees that the sentencing recommendation set forth herein is reasonable pursuant to 18 U.S.C. § 3553(a).

The United States and the defendant agree that no further adjustments or departures to the defendant's total adjusted base offense level and no variance sentence under 18 U.S.C. § 3553 shall be sought. The parties further agree that any request by the defendant for an adjustment or departure will be considered a material breach of this Plea and Forfeiture Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

The parties do not stipulate as to any Criminal History Category for defendant.

As part of the written Agreement, the government, the defendant, and his counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

Pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), the defendant agrees to forfeit all of his right, title, and interest in the following property (hereafter, collectively, the "Property"): a model 21, .45 caliber, Glock pistol bearing serial number VSC176; a model P2000, .40 caliber H&K pistol bearing serial number 123-084825; a .223 caliber Rock River Arms rifle bearing serial number CM169502; and 118 rounds of ammunition. The defendant acknowledges that he possessed the Property in violation of 18 U.S.C. § 922(g)(1), as set forth in Count One of the Indictment, and that the Property is therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

<u>United States of America v. Jordanish Torres-García</u>
Criminal No. 15-667 (GAG)
Report and Recommendation
Page 7

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt.   Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between them.   Defendant was able to understand this explanation and agreed with the government's submission.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole.   Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

Defendant was informed that he can appeal his conviction if he believes that his guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by his guilty plea.   Defendant was also informed that he has a statutory right to appeal his sentence under certain circumstances

particularly if the sentence is contrary to law. Any notice of appeal must be filed within fourteen (14) days of judgment being entered in the case. Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because his Plea Agreement contains a waiver of appeal in paragraph ten (10) which was read to defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with his counsel and understanding its consequences. Defense counsel acknowledged discussing the waiver of appeal and its consequences with his client.

Defendant waived the reading of the Indictment in open court because he is aware of its content. Defendant was shown a written document entitled "Stipulation of Facts", which had been signed by defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears. Defendant was provided an opportunity to see and examine same, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Count One was what he had done and to which he was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that he agreed with the government's evidence as to his participation in the offense. Thereupon, defendant indicated he was pleading guilty to Count One of the Indictment in Criminal Case No. 15-667 (GAG).

This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the Indictment in Criminal Case No. 15-667 (GAG).

United States of America v. Jordanish Torres-García
Criminal No. 15-667 (GAG)
Report and Recommendation
Page 9

     IT IS SO RECOMMENDED.

     The sentencing hearing is set for September 20, 2016 at 9:00 a.m., before Honorable Gustavo A. Gelpí, District Judge.

     The parties have fourteen (14) days to file any objections to this report and recommendation. Amended Fed. R. Crim P. 59 (b)(2). See also Amended Local Rules. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988).

     San Juan, Puerto Rico, this 1st day of June of 2016.

                                       s/ CAMILLE L. VELEZ-RIVE
                                       CAMILLE L. VELEZ-RIVE
                                       UNITED STATES MAGISTRATE JUDGE