AO 245B      (Rev. 02/16) Judgment in a Criminal Case
             Sheet 1

# UNITED STATES DISTRICT COURT

JUDICIAL DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA <br> **v.** <br> JORDANISH TORRES-GARCIA | ) ) ) ) ) ) ) ) ) |

**JUDGMENT IN A CRIMINAL CASE**

Case Number:   3:15-CR-667-01-GAG

USM Number:   46360-069

ANTONIO L. BISBAL-BULTRON, ESQ.
_____
Defendant's Attorney

## THE DEFENDANT:

☑ pleaded guilty to count(s)      One of the Indictment on 6/2/2016.

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18: 922 (g)(1) | Convicted felon in possession of a firearm and ammunition. | 10/22/2015 | 1 |
| | | | |
| | | | |

   The defendant is sentenced as provided in pages 2 through ____5____ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____  ☐ is   ☐ are   dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

11/9/2016
_____
Date of Imposition of Judgment

S/   Gustavo A. Gelpi
_____
Signature of Judge

Gustavo A. Gelpi                    U.S. District Judge
_____
Name and Title of Judge

11/9/2016
_____
Date

AO 245B     (Rev. 02/16) Judgment in Criminal Case
            Sheet 2 — Imprisonment

DEFENDANT:    JORDANISH TORRES-GARCIA

Judgment — Page ___2___ of ___5___

CASE NUMBER:    3:15-CR-667-01-GAG

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

Thirty Six (36) months consecutive to any state sentence imposed.

☑   The court makes the following recommendations to the Bureau of Prisons:

That defendant be designated to an institution in Fort Dix, New Jersey. That defendant be medically evaluated and receive medical treatment. That defendant participate in a drug abuse rehabilitation treatment program.

☑   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐   at _____   ☐ a.m.   ☐ p.m.   on _____ .

    ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐   before 2 p.m. on _____ .

    ☐   as notified by the United States Marshal.

    ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B     (Rev. 02/16) Judgment in a Criminal Case
            Sheet 3 — Supervised Release

DEFENDANT:  JORDANISH TORRES-GARCIA

CASE NUMBER:  3:15-CR-667-01-GAG

Judgment—Page ___3___ of ___5___

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

Five (5) years.

     The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  *(Check, if applicable.)*

☑    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  *(Check, if applicable.)*

☑    The defendant shall cooperate in the collection of DNA as directed by the probation officer.  *(Check, if applicable.)*

☐    The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.  *(Check, if applicable.)*

☐    The defendant shall participate in an approved program for domestic violence.  *(Check, if applicable.)*

     If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

     The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)    the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)    the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)    the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)    the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)    as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 02/16) Judgment in a Criminal Case
Sheet 3C — Supervised Release

Judgment—Page  3A  of  5

DEFENDANT:  JORDANISH TORRES-GARCIA
CASE NUMBER:  3:15-CR-667-01-GAG

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall not commit another Federal, state, or local crime, and shall observe the standard conditions of probation recommended by the United States Sentencing Commission and adopted by this Court.

2. The defendant shall refrain from possessing firearms, destructive devices, dangerous weapons and controlled substances unlawfully.

3. The defendant shall participate in an approved mental health treatment program for evaluation and/or treatment services determination. If deemed necessary the treatment will be arranged by the officer in consultation with the treatment provider; the modality, duration, and intensity of treatment will be based on the risks and needs identified. The defendant will contribute to the costs of services rendered by means of co-payment, based on his ability to pay or the availability of third party payment.

4. The defendant shall participate in transitional support services under the guidance and supervision of the U.S. Probation Officer. The defendant shall remain in the services until satisfactorily discharged by the service provider and/or with the approval of the U.S. Probation Officer.

5.  The defendant shall participate in an approved substance abuse monitoring and/or treatment services program. The defendant shall refrain from any unlawful use of a controlled substance and submit to a drug test within 15 days of release and thereafter, submit to random drug test, no less than 3 samples during the supervision period and not to exceed 104 samples per year in accordance with the Drug Aftercare Program Policy of the U.S. Probation Office approved by this Court. If any such samples detect substance abuse, the defendant shall participate in a in-patient or out-patient substance abuse program, for evaluation and/or treatment, as arranged by the U.S. Probation Officer until duly discharged. The defendant is required to contribute to the cost of services rendered (co-payment) in an amount arranged by the U.S. Probation Officer based on the ability to pay or availability of third party payment, as approved by the Court.

6. The defendant shall remain under curfew at his residence of record from 6:00 p.m. to 6:00 a.m. for a period of 6 months to commence upon his release from imprisonment. During this time, he shall remain in his/her residence, except for employment or other activities approved in advance by the probation officer. In addition to any other telephone or cellphone, Mr. Torres shall maintain a telephone at his residence without a modem, an answering machine, or a cordless feature during the term of electronic monitoring. He shall wear an electronic device 24 hours a day and shall observe the rules specified by the probation officer. He is ordered to pay the daily cost of the Electronic Monitoring Device. Payment shall be based on his ability to pay or the availability of third-party payments, as approved by the Court.

7. The defendant shall submit to a search of his person, property, house, residence, vehicles, papers, computer, other electronic communication or data storage devices or media, and effects (as defined in 18, U.S.C., Section 1030(e)(1)), to search at any time, with our without a warrant, by the probation officer, and if necessary, with the assistance of any other law enforcement officer (in the lawful discharge of the supervision functions of the probation officer) with reasonable suspicion concerning unlawful conduct or a violation of a condition of probation or supervised release. The probation officer shall seize any electronic device which will be subject to further forensic investigation/analyses. Failure to submit to such a search and seizure, may be grounds for revocation. The defendant shall warn any other residents or occupants that their premises may be subject to search pursuant to this condition.

8. The defendant shall cooperate in the collection of a DNA sample as directed by the U.S. Probation Officer, pursuant to the Revised DNA Collection Requirements, and the Title 18, U.S. Code § 3563(a)(9).

AO 245B      (Rev. 02/16) Judgment in a Criminal Case
            Sheet 5 — Criminal Monetary Penalties

Judgment — Page ___4___ of ___5___

DEFENDANT: JORDANISH TORRES-GARCIA
CASE NUMBER: 3:15-CR-667-01-GAG

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0.00 | $ 0.00 |

☐   The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

| **TOTALS** | $   0.00 | $   0.00 |  |
|---|---|---|---|

☐   Restitution amount ordered pursuant to plea agreement  $ _____

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐   the interest requirement is waived for the      ☐   fine      ☐   restitution.

    ☐   the interest requirement for the      ☐   fine      ☐   restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B     (Rev. 02/16) Judgment in a Criminal Case
            Sheet 6 — Schedule of Payments

DEFENDANT:  JORDANISH TORRES-GARCIA                                    Judgment — Page __5__ of __5__
CASE NUMBER:  3:15-CR-667-01-GAG

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☑ Lump sum payment of $ __100.00__ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
_____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
_____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.